**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-2214**

---

ICG TYGART VALLEY, LLC,

       Petitioner,

    v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; JAMES ALLEN BRAHAM,

       Respondents.

---

On Petition for Review of an Order of the Benefits Review Board.  (22-0328 BLA; 22-0328 BLA-A; 20-05528)

---

Submitted:  June 26, 2025                          Decided:  July 10, 2025

---

Before KING, QUATTLEBAUM, and HEYTENS, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

**ON BRIEF:**  William S. Mattingly, JACKSON KELLY PLLC, Lexington, Kentucky, for Petitioner.  Leonard Stayton, Inez, Kentucky, for Respondent James Braham.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

ICG Tygart Valley, LLC ("ICG"), petitions this court for review of the Benefits Review Board's (BRB) order affirming the Administrative Law Judge's (ALJ) decision to award James Allen Braham benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-944. ICG argues that the ALJ failed to rationally explain why he credited Dr. Kathleen DePonte's opinion that Braham had complicated pneumoconiosis over other physicians' contrary opinions; contravened the regulations in considering the chest x-rays and treatment records; and erred by excluding a reading of a February 2017 x-ray. We deny the petition for review.

This court's review of a BRB decision upholding an award of benefits is "highly deferential." *W. Va. CWP Fund v. Dir., OWCP*, 880 F.3d 691, 697 (4th Cir. 2018). We consider "only whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the [BRB] and ALJ are rational and consistent with applicable law." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (citation modified). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016) (internal quotation marks omitted).

We conclude that the ALJ's decision to credit DePonte's opinion was rational and supported by substantial evidence. ICG contends that Dr. Robert Tarver, who opined that Braham did not have complicated pneumoconiosis, was more qualified than DePonte in light of his academic credentials. But, as the BRB found, the ALJ reasonably concluded

2

that DePonte and Tarver were similarly qualified because they were both Board-certified radiologists and B-readers. And DePonte, unlike Tarver, thoroughly and persuasively explained her opinion that the x-ray and CT scan evidence was positive for complicated pneumoconiosis. Furthermore, although Dr. Henry Smith interpreted the CT scan as negative for complicated pneumoconiosis, the ALJ rationally gave his interpretation less weight because he did not note the right apical lung abnormalities that both DePonte and Tarver observed.

ICG next argues that the ALJ impermissibly resorted to a numerical headcount to resolve conflicting interpretations of a May 15, 2018, chest x-ray. It contends that the ALJ further legally erred by finding that the interpretations in Braham's treatment records were entitled to less weight because, inter alia, there was no indication that the interpreting doctors had special expertise in diagnosing pneumoconiosis. We find both arguments unpersuasive. The ALJ explained that the three readings of the May x-ray were entitled to equal weight because all of the reading doctors were similarly qualified. Thus, the ALJ weighed "the quality, and not just the quantity," of the x-ray interpretations in determining that the preponderance of those interpretations was positive for complicated pneumoconiosis. *Mullins Coal Co. v. Dir., OWCP*, 484 U.S. 135, 149 n.23 (1987). And the ALJ did not err by finding that the treating doctor's lack of expertise entitled their opinions to less weight, as the regulations permit an ALJ to assess a treating doctor's credibility "in light of its reasoning and documentation, other relevant evidence and the record as a whole." 20 C.F.R. § 718.104(d)(5) (2025).

3

Finally, the ALJ rationally excluded the reading of the February 2017 x-ray from the medical evidence on the ground that it was not a treatment record. Under 20 C.F.R. § 725.414(a)(4) (2025), "any record of a miner's hospitalization for a respiratory or pulmonary or related disease, or medical treatment for a respiratory or pulmonary or related disease, may be received into evidence." Although the February 2017 x-ray reading was ultimately included in Braham's medical record, that reading was not a record of his hospitalization or treatment—instead, it was a record of an evaluation of Braham's lungs, made for the purpose of litigating a state claim. Furthermore, as the BRB noted, ICG does not argue that this x-ray reading could have been submitted as affirmative or rebuttal evidence under 20 C.F.R. § 725.414(a)(3) (2025), or in any capacity other than as a treatment record.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

4